# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 10-2397 JB

MIGUEL ANGEL SALAZAR-SALAZAR,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed November 24, 2010 (Doc. 23)("Sentencing Memorandum"); and (ii) Defendant's Sentencing Memorandum and Motion for a Downward Departure and/or a Variance, filed November 28, 2011 (Doc. 50)("Second Sentencing Memorandum"). The Court held a sentencing hearing on December 16, 2011. The primary issues is whether the Court should vary downward on Defendant Miguel Angel Salazar-Salazar's sentence. The Court will grant in part and deny in part the requests in the Sentencing Memorandum and the Second Sentencing Memorandum.[1] The Court will vary downward, but will not do so based on a substantive disagreement with the guidelines under United States v. Kimbrough, 552 U.S. 85, 109 (2007). The Court will sentence Salazar-Salazar to 37-months imprisonment.

## PROCEDURAL BACKGROUND

Salazar-Salazar originally pled guilty to an Information, filed August 18, 2010 (Doc. 13),

---

[1]Although the full title of the Second Sentencing Memorandum suggests that Salazar-Salazar also seeks a downward departure, at the hearing, he clarified that he seeks only a downward variance. See Transcript of Hearing at 4:22-5:3 (December 16, 2011)(Court, Wilson). Accordingly, the Court will consider any request for a downward departure withdrawn and will not rule on it.

charging a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien.  <u>See</u> Fast Track Plea Agreement ¶ 3, at 2, filed August 19, 2010 (Doc. 16).  On December 1, 2010, Plaintiff United States of America filed a Motion to Withdraw Fast Track Plea Agreement.  <u>See</u> Doc. 25 ("Motion to Withdraw").  The United States asserted that the United States Probation Office ("USPO") identified a crime of violence for which Salazar-Salazar had been convicted and which rendered him ineligible for the Fast Track program.  <u>See</u> Motion to Withdraw at 1.  The Court, finding that the Motion to Withdraw was well-taken, permitted the United States to Withdraw the Fast Track Plea Agreement.  <u>See</u> Order at 1, filed December 1, 2010 (Doc. 26).

On September 2, 2011, Salazar-Salazar pled guilty to the Indictment, filed July 27, 2011 (Doc. 38), which charged a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien.  <u>See</u> Non-Standard Fast Track Plea Agreement ¶ 3, at 2, filed September 2, 2011 (Doc. 44)("Plea Agreement").  The parties agreed, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that: (i) Salazar-Salazar was entitled to a reduction of 2-levels under U.S.S.G. § 3E1.1(a); (ii) if applicable, a reduction of an additional offense level under U.S.S.G. § 3E1.1(b); and (iii) a reduction of 1-level under U.S.S.G. § 5K3.1 for his waiver of his appellate rights.  <u>See</u> Plea Agreement ¶ 6, at 2.  Salazar-Salazar agreed to waive his right to appeal any sentence within or below the advisory guideline range.  <u>See</u> Plea Agreement ¶ 12, at 5-6.

On October 3, 2011, the USPO re-disclosed a Presentence Investigation Report ("PSR") on Salazar-Salazar which reflects the Indictment and the new Plea Agreement.  The PSR calculates a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a).  <u>See</u> PSR ¶ 14, at 4.  The PSR then applies a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Salazar-Salazar was previously deported after a conviction for a crime of violence -- a 2005 Texas conviction for aggravated assault with a deadly weapon.  <u>See</u> PSR ¶ 15, at 4-5.  The PSR applies a 3-level

reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility.  See PSR ¶ 20, at 6.  The PSR also applies a 1-level reduction, pursuant to the Plea Agreement and the Attorney General's fast track program, for waiver of appellate rights.  See PSR ¶ 22, at 6.  Accordingly, Salazar-Salazar has a total offense level of 20.  See PSR ¶ 22, at 6.  The USPO calculates a criminal history category of III, based on 5 criminal history points.  See PSR ¶ 27, at 9.  A offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.  See PSR ¶ 43, at 12.

Before the Court's Order permitting the United States to withdraw the Fast Track Plea Agreement, Salazar-Salazar filed his Sentencing Memorandum.  In the Sentencing Memorandum, Salazar-Salazar asserted that a criminal history category of III overstates his criminal history and that the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), overstates his involvement in the aggravated assault with a deadly weapon offense.  See Sentencing Memorandum at 1.  He requested that the Court reduce his guideline range to a "more appropriate level."  Sentencing Memorandum at 2.  On November 30, 2011, the United States filed the United States Response to Defendant's Sentencing Memorandum.  See Doc. 24 ("Response").  The United States argued that a sentence in the middle of the guideline range would be appropriate under the 18 U.S.C. § 3553(a) factors.  See Response at 2.  The United States noted that Salazar-Salazar had a normal childhood without incident or abuse.  See Response at 3.  It asserted that Salazar-Salazar has a serious criminal history in the United States including a 2001 conviction of assault with bodily injury, the 2005 crime of violence conviction, and a 2010 aggravated driving while intoxicated conviction.  See Response at 3-4.  The United States contended that a below-guidelines sentence would not reflect the seriousness of illegally re-entering the United States after having been convicted of a crime of violence and subsequently deported.  See Response at 5.

-3-

On November 28, 2011, after the Court permitted the United States to withdraw the Fast Track Plea Agreement, Salazar-Salazar filed his Second Sentencing Memorandum. <u>See</u> Doc. 50. In his Second Sentencing Memorandum, Salazar-Salazar moves the Court to depart or vary downward from the recommended guideline range. <u>See</u> Second Sentencing Memorandum at 1. Salazar-Salazar represents that, while incarcerated for a driving while intoxicated conviction, Immigration and Customs Enforcement ("ICE") placed a detainer on him and he admitted that he was a citizen of Mexico who had not received the United States' permission to enter this country. Second Sentencing Memorandum at 2. Salazar-Salazar asserts that he is one of five children, that he was born in Mexico, and that he has worked in the restaurant business and as a professional soccer player. <u>See</u> Second Sentencing Memorandum at 3. He argues that the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), has resulted in a guideline range which is greater than necessary to comply with the purposes of sentencing. <u>See</u> Second Sentencing Memorandum at 4. He asserts that, without the 16-level enhancement, his offense level would 8, and his guideline range 6 to 12 months. <u>See</u> Second Sentencing Memorandum at 4. He also notes that the sentence he is now facing is significantly disproportionate to the three-year term of probation that he was given for his 2005 conviction, which forms the basis for the enhancement. <u>See</u> Second Sentencing Memorandum at 4. He further asserts that the guideline range is disproportionate to the seriousness of the illegal re-entry charge for which he is before the Court. <u>See</u> Second Sentencing Memorandum at 4. Salazar-Salazar also argues that there is a lack of empirical evidence to support a 16-level enhancement. <u>See</u> Second Sentencing Memorandum at 5-6 (citing <u>United States v. Kimbrough</u>, 552 U.S. at 109). He contends that when the guidelines do not "exemplify the Commission's exercise of its characteristic institutional role," a district court may disagree with and vary from the guidelines. Second Sentencing Memorandum at 7 (citing <u>Spears v. United States</u>, 129 S.Ct. 840,

843 (2009)).

On December 12, 2011, the United States filed the United States' Response to Defendant's Sentencing Memorandum.  See Doc. 53 ("Second Response").  The United States asserts that Salazar-Salazar's offense level is correctly calculated, because his prior conviction for aggravated assault with a deadly weapon qualifies as a crime of violence.  See Second Response at 2.  The United States notes that Salazar-Salazar "not only kicked the victim several times in the head and body, but he was 'poking the victim with a knife' and picked up rocks 'the approximate size of a softball' and struck the victim in the head."  Second Response at 3 (citation omitted).  The United States argues that the 16-level enhancement is not "double-counting," under precedent for the United States Court of Appeals for the Tenth Circuit.  Second Response at 3 (citing United States v. Florentino, 922 F.2d 1443, 1445 (10th Cir. 1990)).  With respect to Salazar-Salazar's argument under United States v. Kimbrough, the United States argues that U.S.S.G. § 2L1.2 is "one of the Sentencing Commission's most extensively considered, evaluated, tailored, and amended guidelines."  Second Response at 4.

On December 16, 2011, the Court held a sentencing hearing.  At the hearing, the United States moved for a 1-level downward departure, pursuant to the Plea Agreement, and a third-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  See Transcript of Hearing at 3:20-4:3 (December 16, 2011)(Court, Cairns, Wilson)("Tr.").[2]  Salazar-Salazar clarified that, although he used the terms departure and variance in his sentencing memorandums, he only intended to seek a variance.  See Tr. at 4:22-5:3 (Court, Wilson).  Salazar-Salazar then argued in support of a variance and asserted that even a sentence at the low end of the guideline range -- 41 months --

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

would be more than necessary to achieve the goals of sentencing.  See Tr. at 5:8-11 (Wilson).  He asserted, with regard to his 2005 conviction, that he was given a deal he could not refuse -- a plea of guilty with a term of probation -- and when he signed it he was release and deported.  See Tr. at 5:15-20 (Wilson).  He admitted that the conviction involved a serious assault, but asserted that the Texas courts did not find it so serious an offense as to impose prison time.  See Tr. at 5:21-6:4 (Wilson).  He contended that the sentence he now faces is based on that crime, but the punishment will be exponentially greater.  See Tr. at 6:5-7 (Wilson).  Salazar-Salazar asserted that, while in jail, he has realized that he does not want to live his life this way and noted that he has already served 21 months in custody, including three months in state custody.  See Tr. at 6:8-16 (Wilson).  With respect to his United States v. Kimbrough argument, Salazar-Salazar argued that these circumstances demonstrate that there is a lack of empirical data supporting the sentencing guidelines, because he was not sentenced to any time for the underlying conviction which substantially increased his total offense level.  See Tr. at 7:8-19 (Wilson).

The United States stated that a slight deviation might be appropriate, because, if not for the ICE detainer, Salazar-Salazar likely would not have served three months for his driving while intoxicated charge.  See Tr. at 9:1-18 (Cairns).  The United States asserted that such a variance would be appropriate, because Salazar-Salazar will not receive credit for those three-months in state custody.  See Tr. at 9:9:19-10:6 (Cairns).  It suggested that Salazar-Salazar spent about three-and-a-half months in state custody on the ICE detainer and that the Court should vary three-months.  See Tr. at 10:7-16 (Court, Cairns).

## ANALYSIS

The Court has reviewed the PSR's factual findings, and, there not being any objections to those findings, the Court adopts them as its own.  The Court has also reviewed the PSR's guidelines

calculation, and the Court adopts those calculations as its own as well.  The Court has considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 21 and the criminal history category is III, establishing a guideline imprisonment range of 46-57 months.  Pursuant to rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, the Court accepts the Plea Agreement, which stipulates to an offense level of 20, as the Court is satisfied that the 1-level reduction, agreed on in the Plea Agreement, departs for justifiable reasons.  The Plea Agreement is pursuant to a non-standard fast track plea agreement. In section 401(m)(2)(b) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved of early disposition or fast-track programs if certain conditions are met.  The Court believes that these conditions are met in this case and that this departure is in the lower part of the range of departures that Congress allowed.  The Court accepts the Plea Agreement, and the Court's sentence will be consistent with it.  An offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.

The Court notes that Salazar-Salazar illegally reentered the United States subsequent to a felony conviction for a crime of violence.  The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only the guidelines, but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After carefully considering Salazar-Salazar's circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense.  The Court then considered the kinds of sentences and ranges established in the guidelines, and concludes that some variance is appropriate. The Court rejects the argument that there is not a basis for the U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement and will not vary because of a substantive disagreement with the guidelines under

United States v. Kimbrough.  On the other hand, the Court agrees with counsel that a variance is appropriate.  Any variance should, however, be slight.  The Court notes that Salazar-Salazar has a serious criminal history and the Court does not see any mitigating factors in his background.  The Court agrees with the United States that some variance reflecting the time Salazar-Salazar spent under the ICE detainer in state custody is appropriate.  Accordingly, the Court finds that a 1-level reduction is sufficient to take his circumstances into account.

An offense level of 19 and a criminal history category of III would establish a guideline imprisonment range of 37 to 46 months.  The Court believes that a sentence of 37 months reflects the seriousness of this offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  The Court finds that a sentence of 37 months fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is both reasonable and reflects the factors in 18 U.S.C. § 3553(a) -- more so than a guideline sentence.  Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Salazar-Salazar to 37-months imprisonment.

**IT IS ORDERED** that: (i) the request for a variance in Defendant's Sentencing

Memorandum, filed November 24, 2010 (Doc. 23), is granted in part and denied in part; and (ii) the request for a variance in Defendant's Sentencing Memorandum and Motion for a Downward Departure and/or a Variance, filed November 28, 2011 (Doc. 50), is granted in part and denied in part.   The Court will vary downward, but will not do so based on a substantive disagreement with the guidelines under United States v. Kimbrough, 552 U.S. 85, 109 (2007).  The Court will sentence Defendant Miguel Angel Salazar-Salazar to 37-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Shammara Henderson
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Benjamin C. Wilson
Albuquerque, New Mexico

        *Attorney for the Defendant*