AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Miguel Angel Salazar-Salazar** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR02397-001JB** |
| | USM Number: **57619-051** |
| | Defense Attorney: **Benjamin Wilson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 03/21/2010 | |

The defendant is sentenced as provided in pages 2 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 16, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 19, 2012**
Date Signed

Defendant: **Miguel Angel Salazar-Salazar**
Case Number: **1:10CR02397-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(c) the Court will not impose a term of supervised release as supervised release is not required by statute and the defendant is a deportable alien who is likely to be deported after imprisonment.**

Defendant Miguel Angel Salazar-Salazar originally pled guilty to an Information, filed August 18, 2010 (Doc. 13), charging a violation of 8 U.S.C. §§ 1326(a) and (b), that being re-entry of a removed alien. See Fast Track Plea Agreement ¶ 3, at 2, filed August 19, 2010 (Doc. 16). On December 1, 2010, Plaintiff United States of America filed a Motion to Withdraw Fast Track Plea Agreement. See Doc. 25 ("Motion to Withdraw"). The United States asserted that the United States Probation Office ("USPO") identified a crime of violence for which Salazar-Salazar had been convicted and which rendered him ineligible for the Fast Track program. See Motion to Withdraw at 1. The Court, finding that the Motion to Withdraw was well-taken, permitted the United States to Withdraw the Fast Track Plea Agreement. See Order at 1, filed December 1, 2010 (Doc. 26).

On September 2, 2011, Salazar-Salazar pled guilty to the Indictment, filed July 27, 2011 (Doc. 38), which charged a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien. See Non-Standard Fast Track Plea Agreement ¶ 3, at 2, filed September 2, 2011 (Doc. 44)("Plea Agreement"). The parties agreed, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that: (i) Salazar-Salazar was entitled to a reduction of 2-levels under U.S.S.G. § 3E1.1(a); (ii) if applicable, a reduction of an additional offense level under U.S.S.G. § 3E1.1(b); and (iii) a reduction of 1-level under U.S.S.G. § 5K3.1 for his waiver of his appellate rights. See Plea Agreement ¶ 6, at 2. Salazar-Salazar agreed to waive his right to appeal any sentence within or below the advisory guideline range. See Plea Agreement ¶ 12, at 5-6.

On October 3, 2011, the USPO re-disclosed a Presentence Investigation Report ("PSR") on Salazar-Salazar which reflects the Indictment and the new Plea Agreement. The PSR calculates a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 14, at 4. The PSR then applies a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Salazar-Salazar was previously deported after a conviction for a crime of violence -- a 2005 Texas conviction for aggravated assault with a deadly weapon. See PSR ¶ 15, at 4-5. The PSR applies a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 20, at 6. The PSR also applies a 1-level reduction, pursuant to the Plea Agreement and the Attorney General`s fast track program, for waiver of appellate rights. See PSR ¶ 22, at 6. Accordingly, Salazar-Salazar has a total offense level of 20. See PSR ¶ 22, at 6. The USPO calculates a criminal history category of III, based on 5 criminal history points. See PSR ¶ 27, at 9. A offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months. See PSR ¶ 43, at 12.

Salazar-Salazar moves the Court for an appropriate sentence. The United States asked that the Court sentence Salazar-Salazar to a sentence within the guidelines. The Court has reviewed the PSR`s factual findings, and, there not being any objections to those findings, the Court adopts them as its own. The Court has also reviewed the PSR`s guidelines calculation, and the Court adopts those calculations as its own as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 21 and the criminal history category is III, establishing a guideline imprisonment range of 46-57 months. Pursuant to rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, the Court accepts the Plea Agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed-on offense departs for justifiable reasons. The Plea Agreement is pursuant to a non-standard fast track plea agreement. In section 401(m)(2)(b) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved of early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and that this departure is in the lower part of the range of departures that Congress allowed. The Court accepts the Plea Agreement, and the Court`s sentence will be consistent with it. An offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.

The Court notes that Salazar-Salazar illegally reentered the United States subsequent to a felony conviction for a crime of violence. The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the

applicable category of offense committed by the applicable category of defendant. After carefully considering Salazar-Salazar`s circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense. The Court then considered the kinds of sentences and ranges established in the guidelines and concludes that some variance is appropriate. The Court rejects the argument that there is not a basis for the U.S.S.G. § 2L1.2(b) (1)(A) 16-level enhancement and will not vary because of a substantive disagreement with the guidelines under United States v. Kimbrough, 552 U.S. 85 (2007). On the other hand, the Court agrees with counsel that a variance is appropriate. Any variance should, however, be slight. The Court notes that Salazar-Salazar has a serious criminal history, and the Court does not see any mitigating factors in his background. The Court agrees with the United States that some variance reflecting the time Salazar-Salazar spent under the ICE detainer in state custody is appropriate. Accordingly, the Court finds that a 1-level reduction is sufficient to take his circumstances into account.

An offense level of 19 and a criminal history category of III would establish a guideline imprisonment range of 37 to 46 months. The Court believes that a sentence of 37 months reflects the seriousness of this offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The Court finds that a sentence of 37 months fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Salazar-Salazar to 37-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Defendant: **Miguel Angel Salazar-Salazar**
Case Number: **1:10CR02397-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $waived | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☐   In full immediately; or

B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.